J-S27023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NAREE ABDULLAH | : | |
| Appellant | : | No. 2029 EDA 2016 |

Appeal from the PCRA Order May 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0601182-1995

BEFORE:    GANTMAN, P.J., OTT, J. and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                              **FILED MAY 23, 2017**

Naree Abdullah appeals from the order entered May 17, 2016, in the

Philadelphia County Court of Common Pleas, denying, as untimely, his

second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

Abdullah seeks relief from the judgment of sentence of an aggregate term of

life imprisonment imposed on May 13, 1996, after his jury conviction of

second-degree murder, robbery (three counts) and conspiracy,[2] for his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. §§ 9541-9546.  Although this is technically Abdullah's third petition, his direct appeal rights were reinstated, _nunc pro tunc_, as a result of his first petition.  Therefore, this is only the second petition Abdullah has filed after his judgment of sentence became final.

[2] **See** 18 Pa.C.S. §§ 2502(b), 3701, and 903, respectively.

participation in the 1993 robbery of a market in North Philadelphia that resulted in the death of the store owner. On appeal, Abdullah contends the PCRA court erred in dismissing his petition as untimely filed without first conducting an evidentiary hearing on his claim of newly discovered evidence. For the reasons below, we affirm.

The facts underlying Abdullah's arrest and conviction are well-known to the parties and need not be recited herein. For our purposes, we note Abdullah was one of five co-conspirators charged with the crimes, although he was not the shooter. *See Commonwealth v. Abdullah*, 880 A.2d 2 [1799 EDA 2004] (Pa. Super. 2005) (unpublished memorandum at 1-2), *appeal denied*, 890 A.2d 1055 (Pa. 2005). On March 13, 1996, a jury convicted Abdullah of the above-stated charges, and he was sentenced, on May 13, 1996, to an aggregate term of life imprisonment.

On June 12, 2001, a panel of this Court affirmed Abdullah's sentence on direct appeal *nunc pro tunc*, and the Supreme Court subsequently denied his petition for review.[3] *See Commonwealth v. Abdullah*, 779 A.2d 1213 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 796 A.2d 313 (Pa. 2002).

_____

[3] Abdullah's initial direct appeal was dismissed based on his failure to file a brief. However, as noted *supra*, his direct appeal rights were later reinstated, *nunc pro tunc*, when he sought, and was granted, PCRA relief.

In July of 2002, Abdullah filed a timely PCRA petition, asserting he was entitled to a new trial on the basis of newly discovered evidence, specifically that co-defendant, Demond Jackson, was willing to recant his trial testimony implicating Abdullah, and two other co-defendants would corroborate his new testimony. **See Abdullah**, **supra**, 880 A.2d 2 (unpublished memorandum at 3). The PCRA court conducted an evidentiary hearing, but later dismissed Abdullah's petition. On appeal, a panel of this Court affirmed, refusing to interfere with the PCRA court's credibility determination regarding the recantation testimony. **See id.** (unpublished memorandum at 7-9). The Pennsylvania Supreme Court again denied Abdullah's petition for review. **See Commonwealth v. Abdullah**, 890 A.2d 1055 (Pa. 2005).

On December 23, 2013, Abdullah filed the instant PCRA petition, *pro se*, again asserting he was entitled to relief based upon newly discovered evidence. He attached to his petition two affidavits, one from witness, Zahir Wise, and one from non-testifying co-defendant, Gregory Womak, both of which stated Abdullah was not involved in the robbery and shooting.[4] He subsequently filed an amended and a supplemental request for relief on July 22, 2015, and August 24, 2015, respectively. On April 8, 2016, the PCRA court sent Abdullah notice of its intention to dismiss his petition as untimely

---

[4] We note that on appeal, Abdullah has abandoned his claim regarding Womack's affidavit.

filed without first conducting an evidentiary hearing. Although Abdullah filed a response to the court's notice, the PCRA court ultimately dismissed the petition on May 17, 2016. Abdullah filed a motion for reconsideration on June 1, 2016, followed by a timely notice of appeal on June 15, 2016.[5]

The sole issue Abdullah raises on appeal challenges the PCRA court's dismissal of his petition without first conducting an evidentiary hearing.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." **Id.** (citations omitted).

Here, the PCRA court concluded Abdullah's petition was untimely filed. **See** PCRA Court Opinion, 9/22/2016, at 7.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

_____

[5] The PCRA court did not order Abdullah to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Abdullah's judgment of sentence was final on April 10, 2002, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal from his direct appeal, and he failed to petition for a writ of *certiorari* in the United States Supreme Court. **See id.** at § 9545(b)(3); United States Supreme Court Rule 13. Therefore, Abdullah had until April 10, 2003, to file a timely petition, and the one before us, filed more than 10 years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

In the present case, Abdullah asserts his petition meets the timeliness exception for newly discovered facts found in Section 9545(b)(1)(ii). This Court has explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts

upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super.2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. ***Id.*** Additionally, **the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."** ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. ***Bennett, supra*** at 393, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" ***Id.*** Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett, supra***. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia,* unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence.** If the petitioner alleges and proves these two components, then

- 6 -

> the PCRA court has jurisdiction over the claim under this subsection.
>
> ***Bennett***, ***supra*** at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. ***Id.*** at 395, 930 A.2d at 1271.

***Commonwealth v. Brown***, 111 A.3d 171, 176–177 (Pa. Super. 2015) (some emphasis added), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Abdullah's substantive claim of after-discovered evidence merits relief,[6] we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." ***Id.*** at 176.

Here, Abdullah argues the affidavit he submitted from Wise satisfies the newly discovered facts exception to the timeliness requirements, and the PCRA court erred in dismissing his petition without first conducting an evidentiary hearing. In the affidavit, Wise attests Abdullah was leading an Islamic service at the time the crime was committed, and Wise failed to

---

[6] To obtain relief based upon a substantive claim of after-discovered evidence, a petitioner must demonstrate the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Montalvo***, 986 A.2d 84, 109 (Pa. 2009) (quotation omitted), *cert. denied*, 562 U.S. 857 (2010).

come forward previously because of his "hard feelings" against Abdullah. Declaration of Zahir Wise, 9/10/2013, at 1.

Although Wise signed the affidavit on September 10, 2013, Abdullah maintains he did not receive the affidavit until November 8, 2013, after which he filed his petition for relief less than 60 days later on December 17, 2013. **See** 42 Pa.C.S. § 9545(b)(2). He summarily states the "facts of [his] claim were previously unknown and could not have been ascertained by the exercise of due diligence." Abdullah's Brief at 8. Indeed, he asserts the discovery of this evidence was "dependent on Mr. Wise coming forward." **Id.** at 9.

Assuming Abdullah submitted the petition within the requisite 60-day period,[7] we conclude he is entitled to no relief. The previously unknown "fact" alleged in the affidavit is that Abdullah was leading a religious service at the time of the crime. Indeed, this "fact" had to have been previously known to Abdullah. As this Court emphasized in **Brown**, **supra**, the focus of the newly discovered facts exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Brown**, **supra**, 111 A.3d at 176 (quotation omitted). Furthermore, as the PCRA court states in its opinion, Abdullah "does not explain what due

---

[7] Abdullah provides no proof that he did not receive the petition until November 8, 2013.

diligence he has undertaken to elicit the alleged 'new information' in the intervening eighteen (18) years." PCRA Court Opinion, 9/22/2016, at 5.

Abdullah argues he was entitled to an evidentiary hearing so that he would have the opportunity to prove his claim. *See* Abdullah's Brief at 11. Indeed, he maintains that, after listening to Wise's testimony, the court "could have always chosen to disbelieve Mr. Wise." *Id.* We disagree. The burden was on Abdullah to allege and prove the application of a time-for-filing exception. *See* 42 Pa.C.S. § 9545(b)(1). Even if we were to find Abdullah sufficiently alleged he was unaware of Wise's willingness to testify on his behalf until November of 2013, we have no hesitation in concluding Abdullah failed to demonstrate the "facts" in Wise's affidavit – namely, that Abdullah had an alibi for the crime – were previously unknown to Abdullah. Accordingly, we find the PCRA court properly dismissed his petition without first conducting an evidentiary hearing, and no relief is warranted on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017

- 9 -